Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| SOLAR POWER, LLC<br><br>Apelante<br><br>V.<br><br>EDGAR DE JESÚS COSME<br><br>Apelado | TA2026AP00494 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo (206)<br><br>Civil núm.: CE2025CV00123<br><br>Sobre: Cobro de Dinero-Regla 60 |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante este tribunal apelativo, Solar Power, LLC (Solar Power o apelante) mediante el recurso de *apelación* de epígrafe solicitándonos que revoquemos la *Sentencia Final* emitida por el Tribunal de Primera Instancia, Sala Municipal de Ceiba (TPI), el 24 de marzo de 2026, notificada el mismo día. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la demanda instada por el apelante al no comparecer a la vista de juicio en su fondo celebrada el 18 de marzo de 2026, según señalada.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado y, en consecuencia, se desestima sin perjuicio la demanda instada por la apelante.

### I.

El 2 de diciembre de 2025 Solar Power instó demanda sobre cobro de dinero al palio de la Regla 60 de las de Procedimiento Civil, *infra*, en contra del Sr. Edgar De Jesús Cosme (señor De Jesús Cosme). Expuso que el 6 de abril de 2023, el señor De Jesús Cosme suscribió un contrato denominado "Acuerdo de Contratista" con Solar Power para convertirse en vendedor independiente de equipos

y servicios de energía solar. Por razón del convenio, se le adelantó un pago por $6,320.60 de comisiones por ventas futuras que este había representado realizar para la empresa. Alegó que el señor De Jesús Cosme incumplió con la obligación de vender los equipos y servicios y no cerró las ventas anunciadas, por lo que no generó las comisiones que justificaran el referido adelanto. Por tanto, adujo que este adeuda el total de la referida cuantía, la cual es una deuda vencida, líquida y exigible. Añadió que el señor De Jesús Cosme no ha devuelto los $6,320.60, a pesar de múltiples requerimientos.

Por lo anterior, le solicitó al tribunal que lo condene al pago de la deuda, más la cantidad que se incurra por el gasto legal y la acción de cobro. Asimismo, peticionó un señalamiento de vista virtual a la brevedad.

El 27 de enero de 2026, en cumplimiento con lo ordenado por el foro revisado, Solar Power presentó Proyecto de Citación en contra del señor De Jesús Cosme.[1] El 29 siguiente el TPI ordenó emitir "la notificación-citación a la parte demandada", lo cual fue cumplido por Secretaría.[2]

En el documento intitulado *NOTIFICACIÓN Y CITACIÓN SOBRE COBRO DE DINERO* expedido el 29 de enero de 2026, se estableció expresamente que el **juicio se celebraría por video conferencia el 18 de marzo de 2026, a las 11:30 a.m**.[3]

Llegado el día del juicio, surge de la *Minuta*[4], que no comparecieron las partes ni sus representantes legales. Además, se indica que, "[a] preguntas del Tribunal, la Alguacil de Sala/Secretaria Jurídica informan que las partes no comparecieron y no se han comunicado para expresar las razones de su incomparecencia".

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 3.
[2] SUMAC TPI, Entradas núms. 4 y 5.
[3] SUMAC TPI, Entrada núm. 5.
[4] SUMAC TPI, Entrada núm. 6.

Así las cosas, el 24 de marzo de 2026, notificada el mismo día, el TPI emitió la *Sentencia Final* apelada. En esta, declaró *No Ha Lugar* a la demanda instada por el apelante al no comparecer a la vista de juicio en su fondo llevada a cabo el 18 anterior, según previamente señalada.

Inconforme con el dictamen, Solar Power instó oportuna reconsideración.[5] En el escrito, el Lcdo. Virgilio Machado Avilés expresó que no pudo asistir por estar indispuesto de salud por una condición crónica que mantuvo confidencial; lo que lo inhabilitó para laborar por una semana. Además, precisó que, por ser una vista virtual, el tribunal genera una invitación, por correo electrónico a los abogados, con el enlace para conectarse la cual no fue enviada, lo que provocó que la misma no fuera añadida a su calendario. Añadió que todas las mañanas de su convalecencia revisaba, a primera hora el calendario, pero no aparecía el señalamiento y ello era importante, porque "nuestra intención para la vista era informarle al Honorable Tribunal que procedíamos a Desistir voluntariamente sin perjuicio de causa de acción contra la parte demandada". Por último, argumentó extensamente en cuanto a que el tribunal debió considerar otras medidas menos onerosas, previo a imponer la sanción de la desestimación de la demanda. A su vez, solicitó que se le permitiera el desistimiento voluntario, sin perjuicio, de la demanda.

Mediante Orden emitida y notificada el 14 de abril de 2026, el foro primario denegó el petitorio.

Todavía en desacuerdo, el apelante acude ante esta *Curia* mediante recurso de apelación imputándole al foro primario haber incurrido en el siguiente error:

> ERRÓ EL TPI AL DESESTIMAR CON PERJUICIO —Y AL CONFIRMAR DICHA DESESTIMACIÓN EN RECONSIDERACIÓN— UNA DEMANDA JURADA NO

---

[5] SUMAC TPI, Entrada núm. 8.

REFUTADA, SIN CONCEDER A LA PARTE DEMANDANTE OPORTUNIDAD ALGUNA DE SER ESCUCHADA, SIN AGOTAR LAS MEDIDAS MENOS ONEROSAS QUE EXIGE LA REGLA 39.2(a) DE PROCEDIMIENTO CIVIL, Y SIN CONSIDERAR QUE LA INCOMPARECENCIA ESTUVO DOBLEMENTE JUSTIFICADA POR LA ENFERMEDAD DEL ABOGADO Y POR LA PROPIA OMISIÓN DEL TRIBUNAL DE REMITIR EL ENLACE DE CONEXIÓN A LA VISTA VIRTUAL —TODO LO CUAL CONSTITUYE UN ABUSO DE DISCRECIÓN, UNA VIOLACIÓN AL DEBIDO PROCESO DE LEY Y UNA CONTRAVENCIÓN A LA POLÍTICA PÚBLICA DE ADJUDICAR LOS CASOS EN SUS MÉRITOS.

Analizados el escrito de apelación y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**La Regla 60 de las de Procedimiento Civil**

La Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil ($15,000) dólares de principal. El propósito primordial de esta regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. SLG*, 156 DPR 88, 97 (2002); *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2020).

En particular y en lo pertinente al caso de epígrafe, la Regla 60, *supra*, establece que:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario,[...]
>
> **La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada.**
> [...]
> **La parte demandante podrá comparecer a la vista por sí o mediante representación legal.** El tribunal entenderá en todas las cuestiones litigiosas en el acto de

la vista y dictará sentencia inmediatamente. [...] Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario. [...] [Énfasis nuestro]

Al interpretar esta regla, el Tribunal Supremo expresó que "una vez superados [los] aspectos de notificació[n] y cuantía líquida y exigible, el tribunal entenderá en todas las cuestiones litigiosas y *dictará sentencia inmediatamente*, sin dejar que el caso se prolongue". *Cooperativa v. Hernández Hernández, supra*, a la pág. 637. Véase, además, *Asoc. Res. Colinas Metro. v. SLG, supra*, a la pág. 100.

### III.

En esencia, el apelante señaló que el TPI erró al desestimar con perjuicio la demanda jurada sin concederle, como demandante, la oportunidad de ser escuchado, y sin previamente imponer medidas menos onerosas que exige la Regla 39.2(a) de las de Procedimiento Civil. De igual manera, expuso que el foro primario incidió en dicho proceder al no haber considerado que la incomparecencia estuvo doblemente justificada por la enfermedad del abogado y por la propia omisión del tribunal de remitir el enlace de conexión a la vista virtual, lo que a su entender, constituye un abuso de discreción, una violación al debido proceso de ley; así como una contravención a la política pública de adjudicar los casos en sus méritos.

De entrada, advertimos que la parte apelante obvia en su discusión que Solar Power, como demandante, viene obligado a actuar con diligencia para evitar dilaciones innecesarias ante los tribunales. Tampoco puede cruzarse de brazos en el trámite judicial

y dejar que sigan los eventos procesales sin que el foro tenga conocimiento de situaciones que afectan el desarrollo del caso. Recordemos que la Regla 3.2 de las Reglas de Conducta Profesional de Puerto Rico, promulgadas el 17 de junio de 2025, *In re Rs. Conducta Prof. PR*, 2025 TSPR 64, 216 DPR ___ (2025), dispone que la persona que ejerce la abogacía deberá tramitar con prontitud la causa de su cliente, así como evitar dilaciones.  Además, en los comentarios de la Regla 3.3 del mismo cuerpo normativo se precisa que la buena marcha del proceso judicial es responsabilidad de cada miembro de la profesión legal.

Por su parte, como explica el Profesor Hernández Colón, en los pleitos bajo el **procedimiento sumario** de la Regla 60, *supra*, el **demandante tiene la obligación de comparecer** y presentar su prueba para que el tribunal dicte sentencia, si en derecho procede. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, 6ta. Ed. LexisNexis de Puerto Rico, Inc., 2017, sec. 6103, págs. 628-629.

Así pues, analizadas las dos razones en las que se ampara el representante legal de Solar Power para invitarnos a rechazar el raciocinio del TPI para desestimar la demanda, no nos convence su pretensión. Nos explicamos.

En primer lugar, el licenciado Machado Avilés, y como indicó en la reconsideración presentada ante el foro apelado, expresa que no pudo asistir por estar indispuesto de salud por una condición crónica que mantuvo confidencial, lo que lo inhabilitó para laborar por una semana.

Sobre ello, se hace importante aclarar que, a pesar de que el apelante manifiesta en el recurso que el licenciado Machado Avilés "ofreció evidencia médica corroborante", en la *Moción de Reconsideración* del SUMAC del TPI no surge que se haya anejado documento alguno a dicho escrito.  No obstante, en el recurso

apelativo indica que "[l]**a evidencia médica está disponible para ser presentada cuando este Honorable Foro lo requiera**". Enfatizamos que este foro intermedio no evalúa evidencia que sea presentada por vez primera ante nos. Ello, debido a que el foro apelado no pudo aquilatar la misma para tomar la decisión impugnada.

Añadimos que, en el recurso no se nos colocó en condición de conocer, sin entrar en los pormenores específicos de la condición médica, que el representante legal de Solar Power estaba totalmente indispuesto para realizar cualquier trámite judicial mediante un uso mínimo de los sistemas tecnológicos desde su hogar o el lugar donde estuviese convaleciendo. Lo que, de igual manera, era imprescindible notificárselo al foro revisado. Esto, máxime cuando el propio abogado manifiesta que podía revisar todos los días su calendario.

En segundo lugar, precisó que, por ser una vista virtual, el tribunal genera una invitación por correo electrónico, a los abogados, con el enlace para conectarse, la cual no fue enviada, lo que provocó que la misma no fuera añadida a su calendario.

Sobre este argumento debemos primeramente rechazar enérgicamente lo indicado por el apelante en el recurso respecto a que "nadie puede ser sancionado por no comparecer a una diligencia para la cual no fue debidamente convocado". Al respecto, precisa subrayar que en la *NOTIFICACIÓN Y CITACIÓN SOBRE COBRO DE DINERO* expedida el 29 de enero de 2026, se estableció expresamente que el **juicio se celebraría, por video conferencia, el 18 de marzo de 2026, a las 11:30 a.m**. Por tanto, la parte apelante, así como su abogado estaban debidamente notificadas de la fecha del juicio en su fondo. Por lo que, se tenía la obligación de comparecer a la vista.

Más aún, si el licenciado Machado Avilés notó al revisar en su calendario, todas las mañanas de su convalecencia, que no aparecía el referido señalamiento, era su responsabilidad comunicarle al tribunal dicho asunto para que se tomaran las debidas medidas. Asimismo, al no recibir algún dictamen del foro apelado respecto a la cancelación o posposición de la vista, tenía que entender que la misma se celebraría según calendarizada. Por lo que, era su deber notificar al tribunal que no podía comparecer.

De igual manera, en el recurso se menciona que la situación médica evitó que "estuviera inhabilitado" durante la semana del 16 al 20 de marzo de 2026 lo que nos hace entender que sí podía trabajar previo a la misma. Por lo que, reafirmamos que contaba con suficiente tiempo de antelación para informar al TPI previo al día de la vista, 18 de marzo, que no había recibido el enlace de conexión. En este aspecto, resulta importante acentuar que de hacer sido proactivo para conectarse virtualmente, el mismo día del juicio, el representante legal se hubiese excusado.

De otro lado, Solar Power hace un intento para que entendamos que el tribunal primario debió imponer medidas menos drásticas previo a la desestimación de la demanda. Al respecto, precisa acentuar que al procedimiento establecido en la Regla 60, *supra*, le son aplicables las reglas del proceso civil ordinario de forma supletoria en tanto y en cuanto estas sean compatibles con el procedimiento sumario establecido en dicha regla. *Asoc. Res. Colinas Metro v. SLG*, supra, a la pág. 98; *Cooperativa v. Hernández Hernández*, supra, a la pág. 631 y *RMCA v. Mayol Bianchi*, 208 DPR 100, 107–108 (2021).

Por tanto, **acorde con los hechos particulares de este caso**, entendemos que el apelante, como demandante, al acogerse voluntariamente al procedimiento sumario de la Regla 60, *supra*, tenía la responsabilidad de tramitar el caso conforme a los

alineamientos procesales y jurisprudenciales de un proceso de esta naturaleza. En este sentido, debió estar consciente de que su incomparecencia a la vista en su fondo podría desembocar en la desestimación de su causa de acción sin mayor trámite.

Esta determinación se fundamenta, además, en el criterio judicial de que la propia Regla 60, *supra*, autoriza al tribunal a dictar sentencia en contra de la parte demandada que fue citada si no comparece, ello si procede la reclamación. Por ende, no resulta ser un raciocinio improcedente en derecho desestimar la demanda cuando, luego de citada la vista y en el día de su celebración al ser llamadas las partes, el demandante, como promovente, no comparece a la misma ni se excusa adecuadamente.

Por último, debemos abstenernos de intervenir con aspectos de la administración y el manejo del caso, cuando el foro de primera instancia es quien tiene todos los elementos de juicio y está en mejor condición que nosotros para determinar las medidas adecuadas que garanticen la solución, justa y rápida del caso. Por lo cual, esta determinación merece nuestra deferencia.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Final* apelada, por lo que se desestima sin perjuicio la demanda instada por Solar Power.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones